IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01093-RM-NRN

JOSHUA MORRELL,

      Plaintiff,

v.

ALLAN BLANCO; in his individual capacity;
JONATHAN TOPPER; in his individual capacity; and
CORECIVIC, INC., a corporation;

      Defendants.

---

**SCHEDULING ORDER**

---

## 1. DATE OF CONFERENCE
## AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

A Scheduling Conference in this case was held on July 1, 2021, at 11:00 a.m. in Courtroom C-203 of the Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado. Nicholas A. Lutz and Michael Fox appeared for Plaintiff, and Andrew D. Ringel appeared for Defendants. The Parties will be represented in this case as follows:

**For Plaintiff**:

Siddhartha H. Rathod
Nicholas A. Lutz
Rathod Mohamedbhai LLC
2701 Lawrence Street, Suite 100
Denver, CO 80205
Telephone: (303) 578-4400

Fax: (303) 578-4401 (fax)
Email: sr@rmlawyers.com
Email: nl@rmlawyers.com

Michael Fox
Kalamaya Goscha LLC
202 8th St., Suite 1
Glenwood Springs, CO 81621
Telephone: (970) 300-9644
Fax: (970) 360-1048
Email: michael@kalamaya.law

**For Defendants**:

Andrew D. Ringel
Hall & Evans, LLC
1001 17th Street, Suite 300
Denver, CO 80202
Telephone: (303) 628-3300
Fax: (303) 628-3368
Email: ringela@hallevans.com

## 2.  STATEMENT OF JURISDICTION

Plaintiff has filed claims alleging violations of the United States Constitution under 42 U.S.C. § 1983. As such, Plaintiff has presented a federal question over which this Court properly has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343.  Plaintiff has also filed claims pursuant to Colorado state law.  Supplemental jurisdiction attaches to Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because the violations of federal law alleged are substantial and the supplemental state cause of action derives from a common nucleus of operative facts. Plaintiff also seeks attorney's fees and costs pursuant to 42 U.S.C. § 1988.

Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b).  All of the act and/or omissions alleged herein occurred within the District of Colorado, and at the time of

the events giving rise to this litigation, all of the parties resided in Colorado.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a. **Plaintiff:**

Plaintiff alleges that this case arises from Defendant Blanco and Defendant Topper's use of excessive force, Defendant CoreCivic's failure to train and/or supervise its employees, and Defendant CoreCivic's negligence in failing to ensure the safety and care of those incarcerated in its prisons.

On April 26, 2019, while Plaintiff was incarcerated at the Crowley County Correctional Facility ("CCCF") in Olney Springs, Colorado, he was needlessly, sadistically, and maliciously peppered sprayed in the face by Defendant Allan Blanco who was working as a correctional officer for Defendant CoreCivic, Inc. at that time. After Defendant Blanco pepper sprayed Plaintiff, Defendant Jonathan Topper failed to ensure that Plaintiff was properly decontaminated and/or provided a decontamination shower. Rather, Plaintiff was placed in an isolation cell for a period of days, where he remained saturated in the pepper spray, causing him substantial additional pain.

At the time of the attack on Plaintiff, Defendant Blanco's training and certification to carry and/or use the pepper spray he was carrying was expired. CoreCivic, Inc. permitted Defendant Blanco to carry and deploy pepper spray against prisoners at CCCF without an up-to-date training certification. Defendant CoreCivic, Inc. additionally failed to train and/or supervise its employees as to the use of OC spray, and appropriate use of force in general. Moreover, Defendant CoreCivic. Inc. breached its duty to ensure the

3

safety of the prisoners in its custody and care, including Mr. Morrell.

b.      **Defendants:**  Defendants Allan Blanco, Jonathan Topper and CoreCivic,

Inc. deny Plaintiff states any cognizable claim against any of them and deny Plaintiff is

entitled to any of the damages claimed in Plaintiff's Complaint against them.  Defendants

generally deny liability for all of Plaintiff's claims and specifically deny any of them

violated any of the Plaintiff's constitutional rights.  Defendants will rely on all the defenses

and affirmative defenses in their Answers which are not yet due for filing with this Court

pursuant to the Waivers of the Service of Summons executed by the Defendants.

### 4.  UNDISPUTED FACTS

The following facts are undisputed:

1. On April 26, 2021, Plaintiff was in the custody of Defendant CoreCivic, Inc.

("CoreCivic") and was housed within Crowley County Correctional Facility ("CCCF").

2. CoreCivic is a corporation registered to transact business in Colorado.

3. CoreCivic owns and operates CCCF pursuant to a contract with the Colorado

Department of Corrections ("CDOC").

4. Defendants Allan Blanco and Jonathan Topper were employed by CoreCivic on

April 26, 2021, and worked at CCCF.

### 5.  COMPUTATION OF DAMAGES

#### Plaintiff:

Plaintiff claims economic damages, physical impairment damages, compensatory

damages (including, but not limited to, those for past and future pecuniary and non-

pecuniary losses, emotional distress, suffering, loss inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses), declaratory relief and injunctive relief, including prospective injunctive relief, as appropriate, punitive damages for all claims allowed by law in an amount to be determined at trial, as well as attorneys' fees and costs, pre-judgment and post-judgment interest at the highest lawful rate, and all other damages and relief legally recoverable including equitable relief.  Plaintiff is unable to quantify the exact amount of monetary or economic damages Mr. Morrell suffered.  A more precise computation of Plaintiff's damages may be provided during the normal course of discovery and will further be determined by a jury in its sound discretion following a presentation of the evidence at trial in this matter.

**Defendants:** Defendants do not claim any damages but reserve the right to request their attorney's fees and costs pursuant to applicable law.

### 6.  REPORT OF PRECONFERENCE DISCOVERY
### AND MEETING UNDER FED. R. CIV. P. 26(f)

**a.      Date of Rule 26(f) meeting.**

The Fed. R. Civ. P. 26(f) meeting was held via video conference between counsel on June 8, 2021.

**b.       Names of each participant and party he/she represented.**

The following counsel participated in the meeting: Nicholas A. Lutz and Michael Fox represented Plaintiff.  Andrew D. Ringel represented Defendants.

**c.      Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

Both parties will produce Rule 26(a)(1) disclosures no later than July 9, 2021.

**d.    Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

July 9, 2021.

**e.    Statement concerning any agreements to conduct informal discovery:**

The Parties do not have any agreements to conduct informal discovery. The Parties will attempt to engage in informal discovery where appropriate.

**f.    Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

(1)    The Parties have agreed to use a unified exhibit numbering system.

(2)    The Parties have agreed to use a three-day conferral period prior to the issuance of any third-party subpoenas.  Before serving a third-party subpoena, the Parties will provide a copy to the other side and allow three days for conferral over any disputes before the subpoena is served on the third party.  Both parties agree to produce material subpoenaed from third party witnesses to the other party as soon as possible, but in any event no later than seven days after receiving the materials.

(3)    The parties agree and consent pursuant to Fed. R. Civ. P. 5(b)(2)(E) that discovery and disclosures may be served electronically through the email address of lead counsel, identified in Paragraph 1 of this Scheduling Order.

(4)    The Parties agree to take all reasonable steps to reduce discovery and reduce costs.

**g.    Statement as to whether the parties anticipate that their claims or**

6

**defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The Parties do not anticipate there being extensive electronically stored information ("ESI").

**h.      Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The Parties are not currently engaged in settlement discussions but remain open to a possible settlement or resolution of this case.

## 7.  CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8.  DISCOVERY LIMITATIONS

**a.      Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

The Parties do not propose any modifications.  ~~Limitations may be expanded upon agreement of the parties or order of the Court.~~

Each side shall be limited to 10 depositions, excluding experts.

Each side shall be limited to 25 interrogatories.

**b.      Limitations which any party proposes on the length of depositions.**

The Parties agree that the presumptive limit on deposition length, other than for the named parties, expert depositions and depositions under Rule 30(b)(6), shall be 4 hours, but that this limitation may be expanded upon agreement of the Parties or order of the Court.

**c.      Limitations which any party proposes on the number of requests for**

7

**production and/or requests for admission.**

The Parties propose a limit of twenty-five (25) requests for production and twenty-five (25) requests for admission per side.

**d.     Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

~~35~~ 45 Days before the close of discovery.

**e.     Other Planning or Discovery Orders**

1.     The Parties will comply with D.C.Colo.LCiv.R. 7.1(a) and the Magistrate Judge's practice standards for discovery disputes. ~~before filing an opposed discovery motion~~.

2.     Fed. R. Evid. 502(d) Order:  The Parties have agreed that the production of privileged or work-product protected documents, electronically stored information, when inadvertent or not intentionally disclosed is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

3.     The Parties agree to produce to the other parties any documents obtained from any open records act request within seven days of receipt unless the Parties agree to a later period of time.

**9.  CASE PLAN AND SCHEDULE**

a.    **Deadline for Joinder of Parties and Amendment of Pleadings**:
**September 1, 2021.**

b.  **Discovery Cut-off**: ~~Monday, January 10, 2022~~ **February 1, 2022**

c.  **Dispositive Motion Deadline**:  ~~Thursday, February 10, 2022~~  **March 1, 2022**

d.  **Expert Witness Disclosure**

1.    **The parties shall identify anticipated fields of expert testimony, if any**.

At this time, Plaintiff anticipates retaining a correctional administrations expert, a correctional practices expert, and potentially a medical expert.

Defendants reserve the right to designate an expert in any field designated by the Plaintiff.

2.    **Limitations which the parties propose on the use or number of expert witnesses**.

The Parties propose a limit of two (3) retained experts per side, not including rebuttal experts.  The Parties propose rebuttal expert limitations of one rebuttal expert in response to each affirmative expert.

3.    **The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:**
**Monday, October 25, 2021.**

4.    **The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:**

~~Wednesday, November 24, 2021~~.  December 3, 2021

e.    **Identification of Persons to Be Deposed:**

*Preliminary List of Plaintiff's Depositions*:

| Name of Deponent | Expected Length of Deposition |
|---|---|
| Allan Blanco | 7 hours |
| Jonathan Topper | 7 hours |
| 30(b)(6) witness for Defendant CoreCivic | 7 hours |
| Gregory Smith | 4 hours |
| Gary Myers | 4 hours |
| Tristen Ross | 4 hours |
| Nicholas Branch | 4 hours |
| Danielle Lipsey | 4 hours |
| Tatyana Johnson | 4 hours |

*Preliminary List of Defendant's Depositions:*

| Name of Deponent | Expected Length of Deposition |
|---|---|
| Plaintiff | 7 hours |
| Inmate Witnesses | 2 hours each |

## 10.  DATES FOR FURTHER CONFERENCES

a.    Telephonic Status conferences will be held in this case at the following dates and times:

November 17, 2021 at 9:30 a.m.  **The parties are directed to call the conference line as a participant at (888) 398-2342, Access Code 5755390# at the scheduled time.**

_____.

b.    A telephonic final pretrial conference will be held in this case on April 27, 2022 at 9:30 a.m._____at o'clock _____m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference. **The**

**parties are directed to call the conference line as a participant at (888) 398-2342, Access Code 5755390# at the scheduled time.**

### 11. OTHER SCHEDULING MATTERS

    **a.** **Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

None.

    **b.** **Anticipated length of trial and whether trial is to the court or jury.**

The Parties anticipate a five-day jury trial.  Both sides have requested a trial to a jury.

    **c.** **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado 81303-3439.**

None.

### 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13.  AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this _1st_ day of ~~June~~ July, 2021.

BY THE COURT:

_____
N. Reid Neureiter
United States Magistrate Judge

**SCHEDULING ORDER APPROVED:**

**For Plaintiff**:

_s/ Nicholas A. Lutz_ _____
Nicholas A. Lutz
Rathod Mohamedbhai LLC
2701 Lawrence Street
Suite 100
Denver, CO 80205
(303) 578-4400
(303) 578-4401 (fax)
nl@rmlawyers.com

**For Defendants**:

*s/ Andrew D. Ringel*
Andrew D. Ringel
Hall & Evans, LLC
1001 17th Street, Suite 300
Denver, CO 80202
Telephone: (303) 628-3300
Fax: (303) 628-3368
Email: ringela@hallevans.com