IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 21-cv-01093-RM-NRN

JOSHUA MORRELL,

    Plaintiff,

v.

ALLAN BLANCO, in his individual capacity;
JONATHAN TOPPER, in his individual capacity; and
CORECIVIC, INC., a corporation;

    Defendants.

---

**ORDER**

---

Plaintiff's action is against Defendant CoreCivic, Inc., an alleged private, for-profit corporation that manages prisons, detention centers, and jails throughout the United States, and two of its employees in their individual capacities. Plaintiff alleges federal and state claims and seeks, among other things, punitive damages. (ECF No. 1.) Although Plaintiff does not allege what provision or source supports his request for punitive damages, Defendants' answer indicates the punitive damages request is made under C.R.S. § 13-21-102. (*See* Answer, ECF No. 22, p. 18 at ¶¶ 16, 17.)

This matter is now before the Court *sua sponte* after considering Defendants' answer which includes the following among their "defenses and affirmative defenses": "Plaintiff's claim for punitive damages against Defendants is barred, limited, reduced, or in the alternative, unconstitutional in violation of the rights of Defendants under the United States and Colorado Constitutions." (ECF No. 22, p. 18 at ¶ 16.) Although unclear, Defendants may be challenging the constitutionality of a state statute concerning punitive damages in this action. If so, issues are

raised as to whether Defendants are required to file a notice of constitutional question with this Court and to serve the state attorney general with the notice and paper in which the statute's constitutionality was raised.

Specifically, Fed. R. Civ. P. 5.1(a)(1) provides that a party who files a pleading drawing into question the constitutionality of a state statute must:

> (1) file a notice of constitutional question stating the question and identifying the paper that raises it, if:
> ***
> (B) a state statute is questioned and the parties do not include the state, one of its agencies, or one of its officers or employees in an official capacity.

In addition, the party must also serve the notice and paper on the appropriate person. Fed. R. Civ. P. 5.1(a)(2).

Here, three issues are raised. First, whether Defendants are drawing into question the constitutionality of C.R.S. § 13-21-102. Second, if so, whether Defendant CoreCivic, which allegedly has a contract for services with the Colorado Department of Corrections, is an "agency" of the State of Colorado within the meaning of Rule 5.1. And third, if not, whether Defendants are required to comply with Rule 5.1 but have not done so. The Court finds Defendants must address those issues. Accordingly, it is

**ORDERED** that by Thursday**, July 15, 2021**, Defendants shall file a notice either in compliance with Fed. R. Civ. P. 5.1 or showing that compliance is not required.

DATED this 8th day of July, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge